WELCOME HOWARD *vs.* JAMES AMES.

A note was secured by a mortgage, which contained an authority to the mortgagee or his assigns to sell the mortgaged property and apply the proceeds to the payment of the note : The mortgage was assigned to L., who assigned it to H., and also in-dorsed the note to H. after it became due : the property was sold, under said au-thority, for a sum insufficient to pay the note, and H. brought an action against the mortgagor, on the note, to recover the balance thereof. *Held*, that it was a good defence, and that the defendant might give evidence, that L. was the real assignee of the note and mortgage, at the time of said sale, and that he fraudulently managed the sale, and sold the property for less than it was worth, in order to obtain an ab-solute title thereto under its true value ; and that if the sale had been made *bonâ fide*, the property would have sold for more than enough to pay the note.

AT the last May term at Plymouth, this case came on for trial before *Wilde*, J. whose report thereof was as follows :

This was an action of assumpsit to recover about $700 on a note of hand for $4080·57, signed by the defendant, dated September 1st 1837, payable in three months from date to

Dan Wilmarth or order, with interest, and by said Wilmarth
indorsed to Cyrus Lothrop, and by said Lothrop indorsed to
the plaintiff after it became due. At the time of the date of
said note, a mortgage, with power of sale, was made by said
Ames to said Wilmarth, of a large real estate, to secure the
payment of said note.

The plaintiff averred that he, as assignee of said mortgage,
had sold said estate under the power in said mortgage, and had
credited on said note the proceeds of the sale beyond the ex-
penses, and claimed as indorsee to recover in this action the
balance due on said note.

The defence was, and the defendant offered to prove, that
said Howard was only a nominal party, prosecuting this action
for the sole account and benefit of said Lothrop, and that said
Lothrop was in truth and fact the assignee of said mortgage and
note, at the time of said sale of said estate under the trust in
said deed, and that said Lothrop fraudulently and corruptly
managed said sale, and sold the same much under its cash
value ; that he so conducted and managed the sale, in order to
obtain himself the absolute ownership of said estate much under
its true cash value ; that he is now the actual owner of a large
portion thereof ; that if the sale of said estate had been con-
ducted *bonâ fide*, it would have sold for cash for more than
enough to pay said note and interest in full ; and that said estate
was, at the time of the sale, and now is, of much greater value
than the amount of said note and interest. And the defendant
further offered to prove, that certain portions of said estate
have been sold and transferred to innocent purchasers, so that
the same has become irredeemable by him.

This evidence was rejected, subject to the opinion of the
whole court as to its admissibility. A new trial to be ordered,
if the evidence ought to have been received ; otherwise, the
defendant to be defaulted.

*Beal*, for the defendant.

*Eddy & Coffin*, for the plaintiff.

SHAW, C. J. Assumpsit by an indorsee against the promi-
sor, to recover a balance alleged to be due on a promissory

note. The note having been indorsed to the plaintiff after it became due, it is subject to the same legal or equitable defence, which might be made, if the suit were brought by the promisee or prior indorsee.

It appears, that at the time when the note was given to Dan Wilmarth, it was accompanied by a mortgage, containing, in addition to the usual provisions of a mortgage, a power authorizing the mortgagee, or his assignee, to sell and dispose of the mortgaged property upon certain terms, and apply the proceeds to the payment of the note. Wilmarth indorsed the note and assigned the mortgage to Cyrus Lothrop, who sold the property. The action is brought to recover the balance due on the note, after applying the whole of the proceeds of the sale of the prop erty.

The defence was, and the defendant offered to prove, that said Howard, the plaintiff, was a nominal party, prosecuting this action for the use and benefit of Lothrop, who was in truth the assignee of the note and mortgage, at the time of the sale ; that said Lothrop fraudulently and corruptly managed the sale, and sold the property under its value, in order to obtain a title to it himself at an under value ; and that if the sale had been made *bonâ fide*, the property would have sold for cash for more than enough to pay this note and all interest due upon it.

For the purpose of taking the opinion of the court upon the question whether such facts, if proved, would have constituted a good defence, the evidence was rejected, and the question comes before us in the same manner as if these facts had been proved.

The general tendency of modern decisions has been, to allow matters to be given in evidence in defence, which constitute a substantial answer to the plaintiff's action, which do not amount, technically, to payment or set-off, and where the defendant might have a cross action. This is done to avoid circuity of action. In *Parish* v. *Stone*, 14 Pick. 198, in an action on a promissory note, it was held that want of consideration or failure of consideration might be given in evidence, as a defence *pro tanto*. In *Harrington* v. *Stratton*, 22 Pick. 510, in an action on a promissory note, given as the consideration for the

sale of a horse, it was held, on great deliberation, that fraud in the sale might be given in evidence in reduction of the damages, without rescinding the contract. The same doctrine was recognized in *Perley* v. *Balch*, 23 Pick. 283.

Where property, real or personal, is conveyed by a debtor to his creditor, with a power to sell and dispose of it, and apply the proceeds to the payment of the debt, the creditor, in executing such power, becomes the trustee of the debtor, and is bound to act *bonâ fide*, and to adopt all reasonable modes of proceeding, in order to render the sale most beneficial to the debtor ; like any other agent, factor, or trustee to sell. Like other trustees, he cannot himself directly become the purchaser, or do the same thing through the agency of another. *Downes* v. *Grazebrook*, 3 Meriv. 200. The specific property, in such a case, is appropriated to the payment of the specific debt, so that the money to be realized from the sale would operate, *ipso facto*, as payment of that debt, without any further act or agreement of the parties. If then an action is brought against the debtor for the balance of that specific debt, it seems to us that it is a good answer, to show that if the pledged property had been fairly managed, and properly sold, it would have been sufficient to pay the whole debt, and that there would have been no balance due ; and that this answer shall have its legal effect as a defence to an action by the creditor to whom such mismanagement is justly imputable, and to any other person, standing in his place. It shows that it is the plaintiff's own fault that the debt is not fully paid. In *Porter* v. *Blood*, 5 Pick. 54, it was held by Parker, C. J. at Nisi Prius, and the decision was not called in question, that where personal property had been pledged as collateral security for a debt, with power to sell, it was the duty of the creditor to sell within reasonable time, and if he failed so to sell it, he should be held to account for the value of the property, at the rate at which it might have been sold, if sold when it should have been. The court are of opinion that this evidence ought to have been admitted ; and that if the facts were proved as stated, the jury should be instructed that they would make out a good defence.

*Verdict set aside, and a new trial ordered.*